IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE FRIEDMAN'S, INC. SECURITIES LITIGATION | 1:03-cv-3475-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendants McDonald Investments Inc. and Wedbush Morgan Securities, Inc.'s (the "Underwriter Defendants") Motion for Reconsideration and/or Clarification of Order on Motion to Dismiss [167].

On September 7, 2005, the Court entered an Order granting in part and denying in part defendants' various motions to dismiss. (Sept. 7, 2005 Order (the "Order") [157].) With respect to the Underwriter Defendants' Motion to Dismiss, the Court held (i) Plaintiffs pleaded sufficient facts to state claims against the Underwriter Defendants under Sections 11 and 12 of the Securities Act, and (ii) Plaintiffs had standing to pursue their Section 12(a)(2) claims against the Underwriter Defendants. (Order at 44-48.) In its Order, the Court also dismissed Plaintiffs' Section 11 claim against ABN AMRO, finding Plaintiffs did not have

standing to assert a Section 11 claim against ABN AMRO in its role as underwriter of the February 2002 offering of Company stock.  (Id. at 57-58.)

The Underwriter Defendants move the Court to reconsider and/or clarify its Order to dismiss the portion of the Section 11 claim related to the February 2002 offering as to the Underwriter Defendants.  (Mem. in Supp. of Underwriter Defs.' Mot. for Recons. at 1.)  The Underwriter Defendants argue that because they are identically situated to ABN AMRO as to the February 2002 offering, "the Court's finding that plaintiff lacked standing to assert a Section 11 claim against ABN AMRO as to that offering should be applied consistently to [the Underwriter Defendants]."  (Id. at 8.)

A motion for reconsideration is appropriate only where there is:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).  "Motions for reconsideration shall not be filed as a matter of routine practice."  L.R. 7.2(E), N.D.Ga.  Motions for reconsideration may not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or

evidence that could have been presented in the previously filed motion. <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

In the Consolidated and Amended Complaint, Plaintiffs assert claims against the Underwriter Defendants for violations of Sections 11 and 12 of the Securities Act. The Underwriter Defendants moved to dismiss all claims against them because Plaintiffs failed to plead sufficient facts to meet heightened pleading requirements, (Underwriter Defs.' Mot. to Dismiss at 8-15), and moved to dismiss Plaintiffs' Section 12(a)(2) claim because Plaintiffs did not have standing to assert this claim.[1] (<u>Id.</u> 15-17.) They claimed Plaintiffs lacked standing to maintain the Section 12(a)(2) claim because Plaintiffs failed to allege they purchased stock directly from the Underwriter Defendants in each of the February 2002 and September 2003 offerings on which the claims are based. (<u>Id.</u>) Plaintiffs responded to the Underwriter Defendants' standing argument, noting Plaintiffs asserted a claim against the Underwriter Defendants under Section 12(a)(2) only

---

[1] The Underwriter Defendants do not ask the Court to reconsider the portion of its Order in which it found Plaintiffs have pleaded sufficient facts to state claims under Sections 11 and 12 of the Securities Act against the Underwriter Defendants.

for shares purchased pursuant to the September 2003 offering,[2] and that Plaintiffs sufficiently alleged that Plaintiff Bortel purchased stock in that offering. The Court agreed with Plaintiffs.

Prior to filing for clarification and/or reconsideration, the Underwriter Defendants never argued the portion of the Section 11 claims asserted against them related to the February 2002 offering should be dismissed because Plaintiffs lacked standing, and Plaintiffs never had the opportunity to respond to this argument. The Underwriter Defendants claim they could not have made this argument in their motion to dismiss because ABN AMRO "had not yet been summarily dismissed from the case, leaving the junior underwriters of that offering oddly unaffected. This anomalous result raised a new issue that had not been a factor prior to the Court's order." (Underwriter Defs.' Reply Mem. in Supp. of Mot. for Recons. at 3-4.)

The Underwriter Defendants elected not to move to dismiss the portion of the Section 11 claim asserted against them related to the February 2002 offering on the grounds that Plaintiffs lacked standing. That the argument was raised

---

[2] Plaintiffs stated "Plaintiff Bortel has not asserted a claim pursuant to Section 12(a)(2) in connection with the February 2002 offering." (Pls.' Opp'n to Underwriter Defs.' Mot. to Dismiss at 19.)

successfully by Defendant ABN AMRO in support of its motion to dismiss is not sufficient reason for the Court to allow the Underwriter Defendants to raise the same issue well after the briefing and the Court's decision on the motions to dismiss. In its Order, the Court decided only the arguments presented by the various defendants in their eleven motions to dismiss. This Court will not consider arguments raised for the first time in a motion for reconsideration.[3] See generally Bryan, 246 F. Supp. 2d at 1259. As stated in its Order, "[t]he Underwriter Defendants may challenge Plaintiffs' standing at a later stage in the proceedings should discovery disclose information inconsistent with Plaintiffs' alleged standing." (Order at 47-48.)

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants McDonald Investments Inc. and Wedbush Morgan Securities, Inc.'s Motion for Reconsideration and/or Clarification of Order on Motion to Dismiss [167] is **DENIED**.

---

[3] The Court also finds that clarification of its Order is not necessary. The Order unambiguously denied the Underwriter Defendants' Motion to Dismiss in its entirety.

**SO ORDERED** this 28th day of July, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE