IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE FRIEDMAN'S, INC. SECURITIES LITIGATION | 1:03-cv-3475-WSD |

# OPINION AND ORDER

The matter is before the Court on the Motion for Award of Attorney's Fees and Reimbursement of Expenses [457] filed by Plaintiffs' Co-Lead Counsel.[1] On January 16, 2009, Plaintiffs Co-Lead Counsel submitted this motion for attorney's fees in this securities class action (the "Action" or the "Litigation") against the "Individual Settling Defendants" (Defendants Victor M. Suglia, Bradley J. Stinn, John Mauro, Sterling B. Brinkley, John E. Cay, III, Robert W. Cruickshank, David B. Parshall, and Douglas Anderson), Ernst & Young LLP ("E&Y"), the Underwriter Defendants (defined as Thomas Weisel Partners LLC, McDonald Investments Inc., Wedbush Morgan Securities, Inc., JMP Securities,

---

[1] Plaintiffs' Co-Lead Counsel refers to Chitwood Harley Harnes LLP, Barroway Topaz Kessler Meltzer & Check LLP, and Saxena White LLP, as defined in the Stipulations of Settlement, dated September 7, 2006, August 24, 2007, December 3, 2007 and October 10, 2008, respectively.

and Morgan Joseph & Co.) and Defendant Phillip Ean Cohen ("Cohen"), together with Morgan Schiff & Co., MS Jewelers Corp. and MS Jewelers LP (the "Cohen Settlement Parties") (the Individual Settling Defendants, E&Y, the Underwriter Defendants and the Cohen Settlement Parties are collectively referred to as the "Defendants").

On March 27, 2009, Plaintiffs' Co-Lead Counsel submitted the Declaration of Stephen J. Cirami Regarding Claims Administration [464] and on April 2, 2009 submitted the Revised Declaration of Christopher S. Jones in Support of Proposed Settlement, Plan of Allocation, and Application for Award of Plaintiffs' Attorneys' Fees and Reimbursement of Expenses [465]. Plaintiffs' Co-Lead Counsel relied on these declarations in moving for reimbursement of their attorney's fees and expenses.

On February 5, 2009, the Court entered final judgment on Plaintiffs' claims against the Defendants [462]. Through four separate settlements, Plaintiff's Co-Lead Counsel obtained a total cash settlement (the "Settlement") of this Litigation of $14,900,000 (the "Settlement Fund"). Plaintiffs' Co-Lead Counsel now requests that this Court award attorneys' fees in the amount of thirty percent (30%) of the Settlement Fund, net of expenses, of $4,300,457.26, plus interest, and

approve reimbursement of expenses incurred in connection with the prosecution of this Action in the amount of $565,142.48.

Pursuant to this Court's Orders, 17,181 claim packets containing the Notice of Pendency of Class Action and Proposed Settlement with Defendants, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing (the "Notice"), together with the Proof of Claim and Release ("Proof of Claim"), were mailed to all potential Class members. In addition, a summary of the Settlement was published in *The Wall Street Journal* and *Investor's Business Daily* on November 19, 2008. The fee request is consistent with the published Summary Notice and the Notice that, as required by the Private Securities Litigation Reform Act (the "PSLRA"), advised Class members Plaintiffs' Co-Lead Counsel would apply for an award of up to 30% of the Settlement Fund, plus interest, and for reimbursement of expenses not to exceed $675,000. The Notice further provided all Class members with the opportunity to be heard or object to the Settlement or the fee and expense application by advising Plaintiffs' Co-Lead Counsel by January 6, 2009. Of the 17,181 claim packets that were mailed, Plaintiffs' Co-Lead Counsel received one exclusion to the Settlement.

On April 27, 2009, the Court held a hearing on the Plaintiffs' Co-Lead Counsel's Motion for Attorney's Fees [466]. The Court required the Plaintiffs'

Co-Lead Counsel to submit a revised filing showing the final breakdown of claim respondents and the total number of valid claims, including expected approximate recovery for valid claims. On May 18, 2009, Plaintiffs' Co-Lead Counsel submitted the Declaration of Stephen J. Cirami Regarding Claims Administration [468] providing this information.

It is well-settled that attorneys who represent a class and achieve a significant benefit for the class are entitled to be compensated for their services. Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Ressler v. Jacobson, 149 F.R.D. 651, 652 (M.D. Fla. 1992). The amount of fees requested by counsel "is subject to court approval." Camden I Condo. Ass'n v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991). Under the "common benefit" doctrine, when litigation confers substantial benefits on members of a class, courts are authorized to award attorneys' fees to class counsel to spread the costs proportionately among class members. Id. at 771; see also Mills v. Elec. Auto-Lite Co., 396 U.S. 375, 392-93 (1970). The Eleventh Circuit has instructed that "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." Camden I, 946 F.2d at 774. The PSLRA similarly provides a fee award should constitute "a reasonable percentage of the amount of

any damages and prejudgment interest actually paid to the class." 15 U.S.C. §§ 77z-1(a)(6), 78u-4(a)(6).

The Eleventh Circuit has recommended that district courts consider several factors to determine what constitutes a reasonable attorney fee award. Camden I, 946 F.2d at 774. These factors include: (1) the time and labor required; (2) the novelty and the difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Camden I, 946 F.2d at 772 n.3 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).[2]

---

[2] The Camden I court also recognized additional factors that a court may consider in awarding a percentage of the fund award including: (1) whether the settlement confers non-monetary benefits upon the class; (2) whether there are any substantial objections to the settlement terms or fee requests; (3) the economics involved in prosecuting a class action; (4) the time required to reach settlement; and (5) any additional factors unique to a particular case which may be relevant to the district court's consideration. 946 F.2d at 775.

While there is no set rule governing what constitutes a reasonable fee, common fund cases in district courts in the Eleventh Circuit have awarded fee percentages within a range close to the 30% requested here. See, e.g., In re BellSouth Corp. Sec. Litig., Civil Action No. 1:02-cv-2142-WSD (N.D. Ga. Apr. 9, 2007) (Duffey, J.) (awarding 30% of $35 million settlement fund plus interest and expenses); In re Cryolife, Inc. Sec. Litig., Civil Action No. 1:02-cv-1868-BBM (N.D. Ga. Nov. 9, 2005) (Martin, J.) (awarding 30% of $23.25 million settlement fund plus interest and expenses); In re Profit Recovery Group Int'l, Inc. Sec. Litig., Civil Action No. 1:00-cv-1416-CC (N.D. Ga. May 26, 2005) (Cooper, J.) (awarding 33 1/3% of $6.75 million settlement fund plus interest and expenses); In re Clarus Corp. Sec. Litig., Civil Action No. 1:00-CV-2841-CAP (N.D. Ga. Jan. 6, 2005) (Pannell, J.) (awarding 33 1/3% of $4.5 million settlement fund plus interest and expenses); In re Pediatric Servs. of Am., Inc. Sec. Litig., Civil Action No. 1:99-CV-0670-RLV (N.D. Ga. Mar. 15, 2002) (Vining, J.) (awarding 33-1/3% of $3.2 million settlement fund plus interest and expenses).

The Court's review of the efforts and time expended by Plaintiffs' Co-Lead Counsel establishes that the requested fee is justified. Plaintiffs' Co-Lead Counsel exerted substantial efforts during the more than five years this Litigation has been pending. Plaintiffs' Co-Lead Counsel expended a total of 14,923.35 hours in this

case, with total billings of $6,160,887.25, for which they have never previously applied for or received fees. Given the requested fee of $4,300,457.26, Plaintiffs' Co-Lead Counsel's fee request represents a multiplier of approximately .70 of the hours expended by counsel.

The contingent nature of fees in this case should be given substantial weight in assessing the requested fee award. See Behrens v. Wometco Enters., Inc., 118 F.R.D. 534, 548 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990) ("A contingency fee arrangement often justifies an increase in the award of attorneys' fees."). "Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result." Jones v. Diamond, 636 F.2d 1364, 1382 (5th Cir. 1981); accord Jones v. Cent. Soya Co., 748 F.2d 586, 591 (11th Cir. 1984). The percentage of the common fund approach to attorneys' fees is intended to reward attorneys who take on contingent cases:

> The rationale behind awarding a percentage of the fund to counsel in common fund cases is the same as that which justifies permitting contingency fee arrangements in general. The underlying premise is the existence of risk — the contingent risk of nonpayment . . . . The higher payment due under a contingency fee reflects the fact that the lawyer will realize no return for his investment of time and office expenses in the cases he loses.

7

In re Combustion, Inc., 968 F. Supp. 1116, 1132 (W.D. La. 1997) (citations omitted).

"It is [also] well-settled that one of the primary determinants of the quality of the work performed is the result obtained." Ressler, 149 F.R.D. at 655. Plaintiffs' Co-Lead Counsel negotiated a cash settlement of $14,900,000. Plaintiffs mailed a total of 17,181 claim packets to potential claimants. Of those, Plaintiffs assert 16,008 had the possibility of resulting in a valid claim, after removing packets that were re-mailed to updated addresses of the same claimant and shareholders who did not suffer damages. Cerami Decl. [468] ¶ 18. Plaintiffs' Co-Lead Counsel received a total of 2,765 claims, representing a return rate of approximately 17.2%. Id. Plaintiffs' Co-Lead Counsel assert, "[t]his is within the range of 15% to 20%, which is a typical response rate in securities administration." Id. 1,630 of the received claims allege purchases or acquisitions of less than or equal to 2,500 shares of Friedman's stock. These claimants will see an average recovery of approximately $350.00 to $400.00. Id. ¶ 7-8. 920 of the received claims allege purchases or acquisitions of greater than 2,500 shares. These claimants will see an average recovery of approximately $16,000.00 to $16,500.00. Id. 9-10. To date, Plaintiffs have not received a single objection to the fee and expense application, and only one potential Class Member has requested to be

excluded from the Class.  The lack of numerous objections is evidence that the requested fee is fair.  See In re SmithKline Beckman Corp. Sec. Litig., 751 F. Supp. 525, 533 (E.D. Pa. 1990); Ressler, 149 F.R.D. at 656 (noting that the lack of objections is "strong evidence of the propriety and acceptability" of the fee request).

The Court determines in this case that the fee requested by Plaintiffs' Co-Lead Counsel is a fair fee and is justified by the substantial work performed by counsel and the recovery to the Class.  The Court remains concerned by what it perceives to be a relatively low response rate, which may indeed be consistent with other securities class actions.[3]  That concern notwithstanding, Plaintiffs' Co-Lead Counsel performed thousands of hours of work over five years in bringing this contested action to a substantial settlement.  Their request for a 30% fee is reasonable for this case and is typical of contingency fees in class actions in this market for legal services.

---

[3] A typical response rate of 15-20% may reflect shareholders' general consensus that securities class actions provide insufficient recovery to justify the time and effort required to complete often-complicated claims procedures.  This is an endemic problem the Court cannot fully address here.  The Court's efforts in requiring a simplified claims procedure for shareholders with 2,500 or fewer shares is one small step towards making the claims process more appealing to shareholders.

The Court also determines to reimburse incurred expenses in the prosecution of this Action in the amount of $565,142.48. Jones Declaration ¶¶ 67-71 and Exhibits 2-5 to the Jones Declaration; see also Ressler, 149 F.R.D. at 657; Behrens, 118 F.R.D. at 549. This includes amounts incurred for travel, experts, copying, court fees, claims administration and other customary expenditures. The expenses incurred were reasonable and necessary to obtain the Settlement and do not include costs for overhead. These unreimbursed expenses also do not include expenses that this Court indicated previously would not be awarded, such as telephone charges and legal research. The Notice advised Class members that Plaintiffs' Co-Lead Counsel would apply for reimbursement of expenses in an amount not to exceed $675,000. Plaintiffs' Co-Lead Counsel have not received a single objection to this expense request. The Court reviewed the requested expenses and supporting bills in detail. The Court finds the expenses requested to be reasonable in light of work performed by Plaintiffs' Co-Lead Counsel and proportionate to the Class recovery in this case and the amount of attorney's fees awarded.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Co-Lead Counsel are awarded attorney's fees in the amount of **$4,300,457.26**, plus interest, and reimbursement of expenses in the amount of **$565,142.48**.

**SO ORDERED** this 22nd day of May 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE